## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

TYOKA BRUMFIELD and CYNTHIA
TOROCSIK, individually and on behalf of all
others similarly situated,

                            Plaintiffs,

        v.

TRADER JOE'S COMPANY,

                            Defendant.

Civil Action No.

**CLASS ACTION COMPLAINT**

Plaintiffs Tyoka Brumfield and Cynthia Torocsik (collectively, "Plaintiffs"), by and through their attorneys, make the following allegations pursuant to the investigations of their counsel and upon information and belief, except as to the allegations specifically pertaining to themselves or their counsel, which are based on personal knowledge:

### NATURE OF THE ACTION

1.      This is a class action against Trader Joe's Company ("Trader Joe's" or "Defendant") for its false, misleading, and deceptive misbranding of its Trader Joe's Black Truffle Flavored Extra Virgin Olive Oil (the "Product" or "Trader Joe's Truffle Oil") sold to consumers.  Trader Joe's markets its truffle oil as being flavored by actual "Black Truffle[s]." But Trader Joe's Truffle Oil is nothing of the sort; instead of flavoring its oil with actual "Black Truffle[s]," Defendant's Product is flavored by an industrially produced, chemically-derived perfume known as "2,4-dithiapentane."  Despite the absence of actual "Black Truffle," Trader

Joe's Truffle Oil is sold at a substantial price premium over olive oil not flavored with real truffles.

2.       2,4-Dithiapentane, also known as "formaldehyde dimethyl mercaptal," is synthetically prepared by the acid-catalyzed addition of methyl mercaptan to formaldehyde. Although it emulates the taste and smell of truffles, it is *not* truffle.

3.       Trader Joe's misbranding is intentional.  The front label and packaging of Trader Joe's Truffle Oil represents in extra-large, all-capital lettering that the product is flavored by "BLACK TRUFFLE."



4.     The mislabeling of Trader Joe's Truffle Oil renders the product completely worthless.  By mislabeling its products, Trader Joe's dupes consumers into purchasing something that is *not* truffle oil.  Nevertheless, Trader Joe's Truffle Oil is labeled and sold as premium truffle oil, and it commands a significant price premium over other olive oil products.  For example, Trader Joe's Truffle Oil commands a 34% price premium, per fluid ounce, over a competing olive oil brand:

| Brand | Quantity | Price | Unit Price |
|-------|----------|-------|------------|
| Trader Joe's Black Truffle Flavored Extra Virgin Olive Oil | 8.45 fl. oz. | $4.99 | $0.59 per fl. oz. |
| Bertoli Extra Virgin Olive Oil | 8.5 fl. oz. | $3.78 | $0.44 per fl. oz. |

Plaintiffs and class members have thus been hit with a costly double-whammy:  a premium purchase price for a worthless product.

5.     Through this lawsuit, Plaintiffs seek to recover, for themselves and all other similarly situated purchasers of Trader Joe's Truffle Oil in the United States, damages against Defendant for breach of the Magnuson-Moss Warranty Act, breaches of express and implied warranty, unjust enrichment, negligent misrepresentation, and violations of New York and California's false advertising and consumer protection laws.

## **THE PARTIES**

6.     Plaintiff Tyoka Brumfield is a citizen of New York who resides in Brooklyn, New York.  In March of 2016, Plaintiff Brumfield purchased an 8.45 fl. oz. bottle of Trader Joe's Truffle Oil at a Trader Joe's store in New York, New York.  The bottle she purchased prominently displayed the product name and represented that it was flavored by "Black Truffle"

in large, all-capital, bold letters.  She saw these representations prior to and at the time of purchase, and understood them as representations and warranties that the product was, in fact, flavored by black truffles.  She relied on these representations and warranties in deciding to purchase Trader Joe's Truffle Oil and these representations and warranties were part of the basis of the bargain, in that she would not have purchased Trader Joe's Truffle Oil if she had known that the product was not, in fact, flavored by black truffles.  However, the Trader Joe's Truffle Oil purchased by Plaintiff Brumfield was mislabeled in that it was not flavored by actual "Black Truffle[s]."

7.       Plaintiff Cynthia Torocsik is a citizen of California who resides in Santa Barbara, California.  In January of 2016, Plaintiff Torocsik purchased an 8.45 fl. oz. bottle of Trader Joe's Truffle Oil at a Trader Joe's store in Santa Barbara, California.  The bottle she purchased prominently displayed the product name and represented that it was flavored by "Black Truffle" in large, all-capital, bold letters.  She saw these representations prior to and at the time of purchase, and understood them as representations and warranties that the product was, in fact, flavored by black truffles.  She relied on these representations and warranties in deciding to purchase Trader Joe's Truffle Oil and these representations and warranties were part of the basis of the bargain, in that she would not have purchased Trader Joe's Truffle Oil if she had known that the product was not, in fact, flavored by black truffles.  However, the Trader Joe's Truffle Oil purchased by Plaintiff Torocsik was mislabeled in that it was not flavored by actual "Black Truffle[s]."

8.       Defendant Trader Joe's Company is corporation existing under the laws of the State of California, with its principal place of business at 800 S. Shamrock Avenue, Monrovia, CA  91016.  Trader Joe's markets and sells the Product widely throughout the United States.

4

Plaintiffs reserve their rights to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Trader Joe's who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

10.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant.

11.      Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Plaintiff Brumfield is a citizen of New York and purchased Trader Joe's Truffle Oil from Defendant in this District.  Moreover, Defendant distributed, advertised, and sold Trader Joe's Truffle Oil, which is the subject of the present Complaint, in this District.

## FACTUAL BACKGROUND

12.      Nothing boosts the prestige (and price) of a food or beverage like the perception that it is traditional, hand-picked, fresh, or otherwise limited in production.

13.      For example, Whole Foods lists prices for its fruits and vegetables on what appear to be chalkboards.  The implication is that prices change regularly as if responding to local crop conditions.  In fact, the prices are permanently printed on the faux chalkboards, which are part of

a marketing strategy meant to "evoke the image of Grapes of Wrath-era laborers piling box after box of fresh fruit into the store."

14.     But in a world full of manipulative marketers, the truffle is the real deal.  A type of fungus that grows on tree roots, the truffle stands on the right side of the line between decomposition and decadence.  While many are viewed as almost worthless, a few truffle varieties found in Italy, France, Spain, and surrounding areas are esteemed as a luxurious addition to numerous dishes such as pasta, steaks, and foie gras.

15.     These truffles help dishes "jump off the plate" with an aroma that is captivating. These fickle cousins of mushrooms have proven impossible to mass produce; they are still dug up individually by dogs that track their scent.

16.     The truffle stands in stark contrast to our era of convenience: the preservatives in bread that allow it to stay fresh for weeks and the year-round availability of seasonal fruits and vegetables.  Admirers contend that the truffle begins to lose its flavor as soon as it is pulled from the ground, and fresh truffles are seasonal.  The rarity of truffles has made them—at thousands of dollars per pound for Italy's prized white truffles—the most expensive food in the world.  In 2007, a Macau casino owner set a record by paying $330,000 for a 3.3-pound truffle unearthed in Tuscany.

17.     The combination of these two trends—the desire for a convenient, ever-ready supply of an ingredient, and a hunger for the traditional, the rare, and "real food"—has created an environment ripe for fraudulent behavior.  This, in turn, led to what seems to be a remarkably successful scam on foodie culture: truffle oil.

18.     Despite the name, some manufacturers produce "truffle oil" that does not contain even trace amounts of truffle; it is olive oil mixed with 2,4-dithiapentane, a compound that

makes up part of the smell of truffles and is entirely the product of a laboratory.  Essentially, truffle oil is olive oil plus a synthetic injection imitating truffles' famous taste and smell.

19.     And Trader Joe's Truffle Oil is no exception.  It is a distant cry from oil flavored by real truffles.  It does not contain a single trace of truffle at all.

20.     What it does contain, however, is 2,4-dithiapentane—a petroleum-based, synthetically-produced imposter chemical that imitates the distinct taste and smell of real truffles.

21.     The Material Safety Data Sheet on 2,4-dithiapentane has many cautions and warnings.  This compound is listed as a flammable, as well as being a severe eye, lung and skin irritant.  If ingested, this chemical "may cause CNS [central nervous system] depression," and if it is inhaled, it can lead to delayed pulmonary edema.

22.     And many consumers are tricked into purchasing what they believe to be truffle oil because 2,4-dithiapentane is often disguised on truffle oil product labels as "aroma," "flavor," or "essence."

23.     To make matters worse, according to the New York Times, "one teaspoon of 'truffle aroma,' the amount typically used in an eight-ounce bottle of white truffle oil (black truffle oil is made with a lesser quantity of the same chemical) costs about 40 cents."  By comparison, actual truffles cost hundreds or even thousands of dollars per ounce.

24.     Nonetheless, Trader Joe's capitalizes on this trickery to dupe consumers into paying a substantial price premium for oil that is not flavored by actual truffles.

25.     Trader Joe's intentionally designs its packaging so that the words "Black Truffle" appear in large, all-capital, bold lettering on the front of the Product's label.

7

26.     Reasonable consumers attach importance to Defendant's "Black Truffle" claim when making a purchasing decision.  Defendant's false and misleading representations and omissions thus have, and continue to, deceive reasonable consumers.

27.     Reasonable consumers must and do rely on food label representations and information in making purchasing decisions.

28.     Defendant's statement that the Product is flavored by "Black Truffle" is material to a reasonable consumer's purchase decision because reasonable consumers, such as Plaintiffs, care whether a food product is actually flavored by what Defendant purports, especially when the product claims to be flavored by "Black Truffle," which carries with it a significant price premium.

29.     Defendant markets and advertises the Product as flavored by "Black Truffle" to increase sales derived from the Product.  Defendant is well aware that the "Black Truffle" claim is material to reasonable consumers, and knowingly mislabeled its Product.

30.     Upon information and belief, in making the false, misleading, and deceptive representations and omissions, Defendant knew and intended that consumers would pay a price premium for Trader Joe's Truffle Oil if it were labeled as flavored by "Black Truffle," a coveted delicacy.  Indeed, Defendant prominently marked the front packaging of Trader Joe's Truffle Oil with the words "Black Truffle" in large, all-capital, bold font, precisely because it knew that consumers like Plaintiffs attach great importance to the presence of black truffle in Trader Joe's Truffle Oil.

## CLASS REPRESENTATION ALLEGATIONS

31.     Plaintiffs seek to represent a class defined as all persons in the United States who purchased Trader Joe's Truffle Oil (the "Class").  Excluded from the Class are persons who made such purchase for purpose of resale.

8

32.     Plaintiff Brumfield also seeks to represent a subclass of all Class members who purchased Trader Joe's Truffle Oil in New York (the "New York Subclass").

33.     Plaintiff Torocsik also seeks to represent a subclass of all Class members who purchased Trader Joe's Truffle Oil in California (the "California Subclass").

34.     Members of the Class and Subclasses are so numerous that their individual joinder herein is impracticable.  The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third party retailers and vendors.

35.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

      a.     Whether Defendant misrepresented and/or failed to disclose material facts concerning Trader Joe's Truffle Oil;

      b.     Whether Defendant's conduct was unfair and/or deceptive;

      c.     Whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon Defendant by Plaintiff and the Class and Subclasses;

      d.     Whether Defendant breached express warranties to Plaintiffs and the Class;

      e.     Whether Defendant breached implied warranties to Plaintiffs and the Class;

f.      Whether Plaintiffs and the Class have sustained damages with respect to the common-law claims asserted, and if so, the proper measure of their damages.

36.      The claims of the named Plaintiffs are typical of the claims of the Class and Subclasses in that the named Plaintiffs purchased one or more containers of Trader Joe's Truffle Oil.

37.      Plaintiffs are adequate representatives of the Class and Subclasses because their interests do not conflict with the interests of the Class members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

38.      The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class and Subclass members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I

**(Violation Of The Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*)**

39.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

40.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, and California Subclass against Defendant.

41.     Trader Joe's Truffle Oil is a consumer product as defined in 15 U.S.C. § 2301(1).

42.     Plaintiffs and Class members are consumers as defined in 15 U.S.C. § 2301(3).

43.     Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

44.     In connection with the sale of Trader Joe's Truffle Oil, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that Trader Joe's Truffle Oil was, in fact, flavored by "Black Truffle."

45.     In fact, Trader Joe's Truffle Oil is an adulterated product that is not flavored by real "Black Truffle," but rather is flavored by artificial chemicals that emulate the taste and smell of real truffles.

46.     By reason of Defendant's breach of warranty, Defendant violated the statutory rights due to Plaintiffs and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, thereby damaging Plaintiffs and Class members.

47.     Plaintiffs and Class members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased Trader Joe's Truffle Oil had they known that it was flavored by artificial chemicals, and not flavored by "Black Truffle," (b) they overpaid for Trader Joe's Truffle Oil because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Trader Joe's Truffle Oil did

not have the characteristics, uses, or benefits as promised, namely that it was flavored by "Black Truffle." As a result, Plaintiff and members of the Class have been damaged either in the full amount of the purchase price of the Trader Joe's Truffle Oil or in the difference in value between Trader Joe's Truffle Oil as warranted and Trader Joe's Truffle Oil as actually sold.

## COUNT II

### (Breach Of Express Warranty)

48.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

49.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, and California Subclass against Defendant.

50.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that Trader Joe's Truffle Oil was, in fact, flavored by "Black Truffle."

51.     In fact, Trader Joe's Truffle Oil is an adulterated product that is flavored by artificial chemicals, and not by black truffles.

52.     Plaintiffs and Class members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased Trader Joe's Truffle Oil had they known that it was flavored by artificial chemicals, and not flavored by "Black Truffle," (b) they overpaid for Trader Joe's Truffle Oil because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Trader Joe's Truffle Oil did not have the characteristics, uses, or benefits as promised, namely that it was flavored by "Black Truffle." As a result, Plaintiff and members of the Class have been damaged either in the full amount of the purchase price of the Trader Joe's Truffle Oil or in the difference in value between Trader Joe's Truffle Oil as warranted and Trader Joe's Truffle Oil as actually sold.

## COUNT III

### (Breach Of Implied Warranty Of Merchantability)

53.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

54.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, and California Subclass against Defendant.

55.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that Trader Joe's Truffle Oil was, in fact, flavored by "Black Truffle."

56.     Defendant breached the warranty implied in the contract for the sale of Trader Joe's Truffle Oil because it could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose because Trader Joe's Truffle Oil is an adulterated product that is flavored by artificial chemicals, not "Black Truffle."  As a result, Plaintiffs and Class members did not receive the goods as impliedly warranted by Defendant to be merchantable.

57.     Plaintiffs and Class members purchased Trader Joe's Truffle Oil in reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose.

58.     Trader Joe's Truffle Oil was not altered by Plaintiffs or Class members.

59.     Trader Joe's Truffle Oil was defective when it left the exclusive control of Defendant.

60.     Defendant knew that Trader Joe's Truffle Oil would be purchased and used without additional testing by Plaintiffs and Class members.

61.     Trader Joe's Truffle Oil was defectively designed and unfit for its intended purpose, and Plaintiffs and Class members did not receive the goods as warranted.

62.     Plaintiffs and Class members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased Trader Joe's Truffle Oil had they known that it was flavored by artificial chemicals, and not flavored by "Black Truffle," (b) they overpaid for Trader Joe's Truffle Oil because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Trader Joe's Truffle Oil did not have the characteristics, uses, or benefits as promised, namely that it was flavored by "Black Truffle."  As a result, Plaintiff and members of the Class have been damaged either in the full amount of the purchase price of the Trader Joe's Truffle Oil or in the difference in value between Trader Joe's Truffle Oil as warranted and Trader Joe's Truffle Oil as actually sold.

## COUNT IV

### (Unjust Enrichment)

63.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

64.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, and California Subclass against Defendant.

65.     Plaintiffs and Class members conferred benefits on Defendant by purchasing Trader Joe's Truffle Oil.

66.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs and Class members' purchases of Trader Joe's Truffle Oil.  Retention of those moneys under these circumstances is unjust and inequitable because Trader Joe's Truffle Oil is an adulterated product that consists artificial flavoring, not "Black Truffle," and resulted in purchasers being denied the full benefit of their purchase because they did not purchase a product that was actually flavored by "Black Truffle."

14

67.     Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiffs and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and Class members for its unjust enrichment, as ordered by the Court.

## COUNT V

### (Deceptive Acts Or Practices, New York Gen. Bus. Law § 349)

68.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

69.     Plaintiff Brumfield brings this claim individually and on behalf of the members of the proposed New York Subclass against Defendant.

70.     By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by misrepresenting that Trader Joe's Truffle Oil was, in fact, flavored by "Black Truffle."

71.     The foregoing deceptive acts and practices were directed at consumers.

72.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics of Trader Joe's Truffle Oil to induce consumers to purchase same.

73.     Plaintiff Brumfield and New York Subclass members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased Trader Joe's Truffle Oil had they known that it was flavored by artificial chemicals, and not flavored by "Black Truffle," (b) they overpaid for Trader Joe's Truffle Oil because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Trader Joe's Truffle Oil did not have the characteristics, uses, or benefits as promised, namely that it was flavored by "Black Truffle."  As a result, Plaintiff and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Trader Joe's

Truffle Oil or in the difference in value between Trader Joe's Truffle Oil as warranted and Trader Joe's Truffle Oil as actually sold.

74.    On behalf of herself and other members of the New York Subclass, Plaintiff Brumfield seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT VI

### (False Advertising, New York Gen. Bus. Law § 350)

75.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

76.    Plaintiff Brumfield brings this claim individually and on behalf of the members of the proposed New York Subclass.

77.    Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting the nature of the ingredients contained in Trader Joe's Truffle Oil.

78.    The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

79.    This misrepresentation has resulted in consumer injury or harm to the public interest.

80.    Plaintiff Brumfield and New York Subclass members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased Trader Joe's Truffle Oil had they known that it was flavored by artificial chemicals, and not flavored by

"Black Truffle," (b) they overpaid for Trader Joe's Truffle Oil because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Trader Joe's Truffle Oil did not have the characteristics, uses, or benefits as promised, namely that it was flavored by "Black Truffle." As a result, Plaintiff and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Trader Joe's Truffle Oil or in the difference in value between Trader Joe's Truffle Oil as warranted and Trader Joe's Truffle Oil as actually sold.

81.      On behalf of herself and other members of the New York Subclass, Plaintiff Brumfield seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or five hundred dollars per violation, whichever is greater, three times actual damages and reasonable attorneys' fees.

## COUNT VII

### (Negligent Misrepresentation)

82.      Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

83.      Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, and California Subclass against Defendant.

84.      As discussed above, Defendant represented that Trader Joe's Truffle Oil is, in fact, flavored by "Black Truffle," but failed to disclose that it is actually an adulterated product that is flavored by artificial chemicals, not by "Black Truffle." Defendant had a duty to disclose this information.

85.     At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

86.     At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about Trader Joe's Truffle Oil.

87.     The negligent misrepresentations and omissions made by Defendant, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase Trader Joe's Truffle Oil.

88.     Plaintiffs and Class members would not have purchased Trader Joe's Truffle Oil if the true facts had been known.

89.     The negligent actions of Defendant caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VIII

### (Fraud)

90.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

91.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, and California Subclass against Defendant.

92.     As discussed above, Defendant provided Plaintiffs and Class members with false or misleading material information and failed to disclose material facts about Trader Joe's Truffle Oil, including but not limited to the fact that it is an adulterated product that is flavored by artificial chemicals, not by "Black Truffle."  These misrepresentations and omissions were made with knowledge of their falsehood.

93.     The misrepresentations and omissions made by Defendant, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase Trader Joe's Truffle Oil.

94.     The fraudulent actions of Defendant caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT IX

### (Violation of California Consumers Legal Remedies Act)

95.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

96.     Plaintiff Torocsik brings this cause of action on behalf of herself and members of the California Subclass.

97.     This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 (the "CLRA").

98.     Plaintiff Torocsik and the other members of the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought Trader Joe's Truffle Oil for personal, family, or household purposes.

99.     Plaintiff Torocsik, the other members of the California Subclass, and Defendant have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

100.    The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

101.    As alleged more fully above, Defendant has violated the CLRA by falsely representing to Plaintiff Torocsik and the other members of the California Subclass that Trader

Joe's Truffle Oil was flavored by "Black Truffle" when, in fact, it is flavored by artificial chemicals.

102.    As a result of engaging in such conduct, Defendant has violated California Civil Code § 1770(a)(5), (a)(7), and (a)(9).

103.    On March 13, 2017, a pre-suit demand letter was sent to Defendant via certified mail that provided notice of Defendant's violation of the CLRA and demanded that within thirty (30) days from that date, Defendant correct, repair, replace or otherwise rectify the unlawful, unfair, false, and/or deceptive practices complained of herein.  The letter also stated that if Defendant refused to do so, a complaint seeking damages in accordance with the CLRA would be filed.  Defendant has failed to comply with the letter.

104.    Accordingly, pursuant to California Civil Code § 1780(a)(3), Plaintiff Torocsik, on behalf of herself and all other members of the California Subclass, seeks injunctive relief, compensatory damages, punitive damages, and restitution of any ill-gotten gains due to Defendant's acts and practices.

## COUNT X

### (Violation of California's False Advertising Law)

105.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

106.    Plaintiff Torocsik brings this cause of action on behalf of herself and members of the California Subclass.

107.    As alleged more fully above, Defendant has falsely advertised Trader Joe's Truffle Oil by falsely claiming that it is flavored by "Black Truffle" when it is not.

20

108.     Plaintiff Torocsik and the other members of the California Subclass have suffered injury in fact and have lost money or property as a result of Defendant's violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*

## COUNT XI

### (Violation of California's Unfair Competition Law)

109.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

110.     Plaintiff Torocsik brings this cause of action on behalf of herself and members of the California Subclass.

111.     By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the California Subclass, by engaging in unlawful, fraudulent, and unfair conduct.

112.     Defendant has violated the UCL's proscription against engaging in unlawful conduct as a result of:

> (a)     its violations of the CLRA, Cal. Civ. Code § 1770(a)(5), (a)(7), and (a)(9), as alleged above; and

> (b)     its violations of the FAL, Cal. Bus. & Prof. Code §§ 17500 *et seq.*, as alleged above.

113.     Defendant's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

114.     As more fully described above, Defendant's misleading marketing, advertising, packaging, and labeling of Trader Joe's Truffle Oil is likely to deceive reasonable consumers. Indeed, Plaintiff Torocsik and the other members of the California Subclass were unquestionably deceived regarding the true nature of Trader Joe's Truffle Oil, as Defendant's marketing,

advertising, packaging, and labeling of the Trader Joe's Truffle Oil misrepresent and/or omit the true facts concerning the identity and characteristics of Trader Joe's Truffle Oil. Said acts are fraudulent business practices.

115.    Defendant's acts and practices described above also violate the UCL's proscription against engaging in unfair conduct.

116.    Plaintiff Torocsik and the other California Subclass members suffered a substantial injury by virtue of buying Trader Joe's Truffle Oil which they would not have purchased absent Defendant's unlawful, fraudulent, and unfair marketing, advertising, packaging, and labeling, or by virtue of paying an excessive premium price for the unlawfully, fraudulently, and unfairly marketed, advertised, packaged, and labeled Trader Joe's Truffle Oil.

117.    There is no benefit to consumers from deceptively marketing and labeling Trader Joe's Truffle Oil, which purports to be flavored by "Black Truffle," when this claim is false.

118.    Plaintiff Torocsik and the other California Subclass members had no way of reasonably knowing that the Trader Joe's Truffle Oil they purchased was not as marketed, advertised, packaged, or labeled. Thus, they could not have reasonably avoided the injury each of them suffered.

119.    The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason, and such conduct is immoral, unethical, unscrupulous, offends established public policy, and is substantially injurious to Plaintiff Torocsik and the other members of the California Subclass.

120.    Defendant's violations of the UCL continue to this day.

121.     Pursuant to California Business and Professional Code § 17203, Plaintiff Torocsik and the California Subclass seek an order of this Court that includes, but is not limited to, an order requiring Defendant to:

(a)     provide restitution to Plaintiff Torocsik and the other California Subclass members;

(b)     disgorge all revenues obtained as a result of violations of the UCL; and

(c)     pay Plaintiff's and the California Subclass' attorneys' fees and costs.

## PRAYER FOR RELIEF

122.     WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

A.     For an order certifying the nationwide Class and the Subclasses under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Subclasses and Plaintiffs' attorneys as Class Counsel to represent members of the Class and Subclasses;

B.     For an order declaring the Defendant's conduct violates the statutes referenced herein;

C.     For an order finding in favor of Plaintiffs, the nationwide Class, and the Subclasses on all counts asserted herein;

D.     For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E.     For prejudgment interest on all amounts awarded;

F.     For an order of restitution and all other forms of equitable monetary relief;

G.     For injunctive relief as pleaded or as the Court may deem proper; and

H.      For an order awarding Plaintiffs, the Class, and the Subclasses their reasonable

attorneys' fees and expenses and costs of suit.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all causes of action and issues so triable.


Dated:  May 1, 2017                                    Respectfully submitted,

                                                       **BURSOR & FISHER, P.A**.


                                                       By:      */s/ Joshua D. Arisohn*
                                                                Joshua D. Arisohn

                                                       Joshua D. Arisohn
                                                       Neal J. Deckant
                                                       888 Seventh Avenue
                                                       New York, NY  10019
                                                       Telephone: (212) 989-9113
                                                       Facsimile:  (212) 989-9163
                                                       Email:  jarisohn@bursor.com
                                                                ndeckant@bursor.com


                                                       *Attorneys for Plaintiffs*