

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

February 21, 2018

**By ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Lawrence I. Weinstein
Member of the Firm
d +1.212.969.3240
f 212.969.2900
lweinstein@proskauer.com
www.proskauer.com

*Re: Brumfield v. Trader Joe's Company, No. 1:17-cv-3239-LGS*

Dear Judge Schofield:

We represent defendant F.J. Sanchez Sucesores, S.A.U. ("Sanchez"), which was named as a defendant in Plaintiffs' Second Amended Complaint ("SAC") (Dkt. 35). Sanchez was served on February 1, 2018. Dkt. 86. We submit this letter pursuant to Rule III.C.2 of Your Honor's Individual Rules and Procedures for Civil Cases to advise the Court of Sanchez's intention to file a motion to dismiss the SAC on the grounds identified below.

Should Plaintiffs decline either to withdraw the SAC as to Sanchez or to seek leave to further amend it, Sanchez proposes that its moving papers be due on March 15, 2018, that Plaintiffs' opposition be due on March 29, and that Sanchez's reply be due on April 6.

**The SAC Should be Dismissed Under Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction:**

Sanchez is a Spanish company with its principal place of business in Sorbas, a village in the south of Spain. Sanchez has no physical presence and no employees anywhere in the U.S., let alone in New York. The SAC does not articulate any basis whatsoever for personal jurisdiction over Sanchez. *See* SAC ¶¶ 10, 12-14. Because of the absence of any Sanchez office or employees in New York, we presume Plaintiffs do not claim Sanchez is subject to general jurisdiction here. *See, e.g., SPV Osus v. UBS*, 2018 WL 798291, at *7 (2d Cir. Feb. 9, 2018) (affirming finding of lack of general jurisdiction because defendants "lack any presence in New York at all; each is incorporated, and has its principal place of business in, Luxembourg" and "[n]one have any employees in the United States").[1]

Nor is Sanchez subject to specific jurisdiction under New York's long arm statute. Presumably, Plaintiffs are not asserting jurisdiction under C.P.L.R. § 302(a)(1), since the SAC does not allege Sanchez transacted business with or directly supplied the truffle-flavored olive oil product at issue (the "Product") to Plaintiffs. Taking the SAC's allegations at face value, they merely establish that Sanchez has transacted with and supplied the Product to a California company,

---

[1] On a motion to dismiss pursuant to Rule 12(b)(2), the Court may consider facts attested to in an affidavit from the defendant. *See, e.g., Seiden v. Schwartz, Levitsky, & Feldman*, 2017 WL 2591785, at *1 n.1 (S.D.N.Y. June 14, 2017). If Plaintiffs do not withdraw the SAC as to Sanchez, Sanchez will support its motion with an affidavit regarding its lack of a connection to New York.

**Proskauer»**

February 21, 2018
Page 2

Dotta Foods ("Dotta"), which imported the Product for Trader Joe's, another California company. SAC ¶¶ 8-10.[2] That is not a basis for personal jurisdiction over Sanchez in New York under § 302(a)(1), especially since Sanchez sells the Product to Dotta f.o.b. Spain, which means that Dotta took ownership of and responsibility for the Product in Spain. *See, e.g., DNT Enterprises v. Tech. Sys.*, 2008 WL 1809441, at *1-2 (S.D.N.Y. Apr. 21, 2008), *aff'd*, 333 F. App'x 611 (2d Cir. 2009) (no personal jurisdiction in New York where goods were sold to plaintiff f.o.b. Oklahoma). For similar reasons, C.P.L.R. § 302(a)(2) also does not apply. Even assuming Sanchez committed a "tortious act" merely by making the Product and selling it to Dotta in Spain, that act took place outside New York.[3]

In certain cases, C.P.L.R. § 302(a)(3) can provide a basis for personal jurisdiction where a tortious act committed outside New York causes injury within New York, but not here. Section 302(a)(3) applies only where the foreign company makes "a discernible effort to directly or indirectly serve the New York market." *Schaadt v. T.W. Kutter, Inc.*, 169 A.D.2d 969, 970 (3d Dept. 1991) (West German company's sales to Massachusetts-based company who distributed products nationwide did not give rise to New York jurisdiction); *Stephan v. Babysport,* 499 F. Supp. 2d 279, 290 (E.D.N.Y. 2007) ("Once the sale of the allegedly infringing product was made to [defendant's distributor], the products could have been available for ultimate sale in any one of the states in which [the distributor] does business. To sustain jurisdiction on the basis that New York was one of those possible destinations is too tenuous a connection on which to base jurisdiction."). The SAC contains no allegations, nor could any plausibly be made, that Sanchez made any effort to specifically target New York in its sale in Spain of a Spanish-made product to a California-based importer for a California-based retailer.

**The SAC Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6):**

The SAC also should be dismissed under Rule 12(b)(6). First, the SAC improperly engages in "group pleading" by referring generally to supposedly unlawful acts by "Defendants" instead of alleging, in the detail required by Rules 8(a) and 9(b), specific unlawful acts *by Sanchez. See Saphirstein v. Mauzone Mania*, 2017 WL 3278893, at *3 (E.D.N.Y. July 31, 2017) ("[S]uch group pleading fails to give each defendant fair notice of the claims against it, and, thus, fails to satisfy either the notice-pleading requirements of Rule 8 or the heightened pleading standard under Rule 9(b).") (internal quotation marks and citation omitted); *Lankau v. Luxoft Holding,* 266 F.Supp. 3d 666, 674 (S.D.N.Y. 2017) ("A plaintiff may not lump separate defendants together in vague and collective fraud allegations but must inform each defendant of the nature of his alleged participation in the fraud.") (internal quotation marks and citation omitted).

---

[2] Sanchez does not actually make or sell "Truffle Aroma" (*see* SAC ¶ 10); instead, it purchased the aroma in Spain from an unrelated Spanish company, defendant Delsa Aromas Verdes ("DAV"), incorporated it in Spain into Sanchez's Spanish olive oil, and then sold the finished Product to Dotta in Spain.

[3] As discussed below in the next section, the SAC does not plausibly allege that Sanchez committed any tortious act in the first place.

Proskauer»

February 21, 2018
Page 3

Although the SAC makes general allegations that "Defendants" misleadingly marketed the Product and duped consumers into paying a premium for it (*see, e.g.*, SAC ¶ 1, 4, 30, 31), it never specifies what Sanchez supposedly did other than supplying "Truffle Aroma" (which, as noted above at p. 2 n.2, is incorrect) and taking some unspecified part in manufacturing the Product (in fact, Sanchez is an olive grower that made the olive oil in the Product and incorporated the truffle aroma it purchased from DAV). The SAC does not contend, nor could it, that the mere act of manufacturing the Product (or supplying or incorporating one or more of its ingredients) violates any law. *See Crenshaw v. Macy's*, 2016 U.S. Dist. LEXIS 95522, at *6-7 (E.D. Cal. July 21, 2016) (dismissing complaint because it did not allege Macy's had any role in coming up with its co-defendant's purportedly misleading advertising claim). Thus, the SAC should be dismissed for failure to state a claim against Sanchez.[4]

The SAC should also be dismissed on the grounds specified in Dotta's memoranda in support of its motion to dismiss (Dkt. 69 and 84), namely: (i) no reasonable consumer would be deceived by the Product's label, and (ii) Plaintiffs' ancillary claims are deficient. Sanchez seeks the Court's permission to join Dotta's motion (Dkt. 67), and may also cite additional supporting authority.

Respectfully submitted,

Lawrence I. Weinstein

cc: All counsel of record (by ECF)

---

[4] For similar reasons, the SAC's failure to specify any allegedly unlawful acts *by Sanchez* provides an additional basis for dismissal under Rule 12(b)(2). *See Zeiger v. WellPet*, 2018 WL 452156, at *7 (N.D. Cal. Jan. 17, 2018).