# SIMON■LESSER PC

Leonard F. Lesser
llesser@simonlesser.com

Simon■Lesser PC
355 Lexington Avenue, 10th Floor
New York, New York 10017
T: 212.599.5455
F: 212.599.5459
www.simonlesser.com

June 26, 2018

**By ECF**

The Hon. Lorna G. Schofield
United States District Judge
United States District Court,
Southern District of New York
40 Foley Square
New York, New York 10007

>  Re:  *Brumfield et al. v. Trader Joe's Company et al.*, 17-cv-3239(LGS)
>  **Dotta's Opposition to Plaintiffs' Letter Request For A Pre-Motion Conference on their Proposed Third Amended Class Action Complaint**

Dear Judge Schofield:

Our firm, along with co-counsel The Food Lawyers in Los Angeles, represent Defendant Dotta Foods LP ("Dotta"), which has a pending Rule 12(b)(6) motion to dismiss the Second Amended Class Action Complaint (Dkt. No. 67), in which Defendant Trader Joe's Company has joined. Plaintiffs submitted a June 19, 2018 letter (Dkt. No. 106) requesting a pre-motion conference on their proposed Third Amended Complaint. Other Defendants have submitted letters addressing Plaintiffs' pre-motion request, and the Court has Ordered Dotta (Dkt. No. 109) to also submit a response to Plaintiffs' letter, which it hereby does.

The nature of Plaintiffs' proposed third amendment of their pleading is to add putative evidentiary allegations which, if true, would, according to Plaintiffs, demonstrate that Trader Joe's Black Truffle Flavored Extra Virgin Olive Oil was "made with artificial truffle aroma rather than actual black truffles and Defendants were aware of that fact."

But those new allegations would be irrelevant to the issues on which the pending motion to dismiss is premised and could not salvage Plaintiffs' case based upon the arguments set forth in Dotta's pending motion to dismiss.

In its Memorandum of Law in support of its pending motion (Dkt. No. 69), Dotta made clear at page 2 that: "Plaintiffs' allegations that the Product's flavor comes from a synthetic chemical rather than being derived from actual truffles will be accepted as true for the sake of argument on this motion. Even with that assumption, however, the Plaintiffs' theory is fatally flawed." Dotta's

# SIMON■LESSER pc

Hon. Lorna G. Schofield
June 26, 2018
Page 2 of 2

Reply Memorandum (Dkt. No. 84 at page 1, fn. 1) similarly stated: "On this Rule 12(b)(6) motion, however, Plaintiffs' allegation that the flavor is synthetic must be assumed to be true ….".

Dotta contends that Plaintiffs' theory of alleged consumer deception and reliance is not plausible as a matter of law. *See, e.g., Manuel v. Pepsi-Cola Co.*, 17 Civ. 7955, 2018 U.S. Dist. LEXIS 83404, at *20 (S.D.N.Y., May 17, 2018)("It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer."). As stated at page 1 in Dotta's Reply, "[t]he two basic components of Dotta's argument are (1) that reasonable consumers do not assume that a '[substance]-flavored' food item is necessarily flavored by the substance itself … and (2) the Product's $4.99 price point (alleged in SAC Paragraph 4) precludes reasonable consumers from assuming that its flavoring necessarily comes from one of the world's most expensive foods."

There is nothing mentioned in Plaintiffs' latest pre-motion letter that suggests their proposed third pleading amendment would address the plausibility shortcomings briefed in the pending motion to dismiss. The Court should thus proceed to issue its ruling on the pending motion to dismiss the Second Amended Complaint without regard to the new factual allegations Plaintiffs now propose to add to their proposed Third Amended Complaint.

Indeed, "where a court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Orshan v. Apple, Inc.*, Case No. 5:14-cv-05659-EJD, 2018 WL 1510202, at *4 (N.D. Cal. March 27, 2018). Here, Plaintiffs' Second Amended Complaint should be dismissed without leave to amend a third time.

Respectfully submitted,

Leonard F. Lesser

cc:   All counsel of record (by ECF)