UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
TYOKA BRUMFIELD, et al.,                                      :
                                                              :
                                        Plaintiffs,           :     17 Civ. 3239 (LGS)
                                                              :
                    -against-                                 :     **OPINION AND ORDER**
                                                              :
TRADER JOE'S COMPANY, DOTTA FOODS                             :
LP, and F.J. SANCHEZ SUCESORES, S.A.U.,                       :
                                                              :
                                        Defendants.           :
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/30/18

LORNA G. SCHOFIELD, District Judge:

Plaintiffs Tyoka Brumfield and Cynthia Torocsik bring this purported class action against Defendants Trader Joe's Company ("Trader Joe's"), Dotta Foods LP and F.J. Sanchez Sucesores, S.A.U., seeking to represent a nationwide class of consumers who purchased Trader Joe's "Black Truffle Flavored Extra Virgin Olive Oil" ("the Product").[1] The Second Amended Complaint ("the Complaint") raises eleven causes of action: (1) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* ("MMWA"); (2) breach of express warranty; (3) breach of implied warranty of merchantability; (4) unjust enrichment; (5) deceptive acts or practices under New York Gen. Bus. Law § 349; (6) false advertising under New York Gen. Bus. Law § 350; (7) negligent misrepresentation; (8) fraud; (9) violation of the California Consumers Legal Remedies Act; (10) violation of the California False Advertising Law and (11) violation of California's Unfair Competition Law.

Defendants move to dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim, and Rule 9(b) for failure to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. For the reasons below, the motion is granted.

---

[1] Plaintiffs voluntarily dismissed their claims with respect to a fourth Defendant, Delsa Aromas Verdes.

1

I.      BACKGROUND

The following facts are taken from the Complaint and documents attached to or integral to the Complaint.  *See Tannerite Sports, LLC v. NBC Universal News Grp.*, 864 F.3d 236, 247-48 (2d Cir. 2017).  Plaintiff Brumfield is a citizen of New York who lives in Brooklyn, and Plaintiff Torocsik is a citizen of California who lives in Santa Barbara.  Each purchased an 8.45 fl. oz. bottle of the Product at Trader Joe's for $4.99.

On the Product's label, the words "black truffle" are printed in large black letters; the words "flavored" and "extra virgin olive oil" are printed in smaller cursive letters underneath.  The Product looks as follows:



Truffles are a very rare and expensive type of fungus, which have sold for as much as $100,000 per pound.

DNA testing of the Product reveals that it does not contain actual truffles.  Instead, the Product contains 2,4-dithiapentane, which is a petroleum based synthetic injection that imitates the taste and smell of truffles.  The Product is fifteen cents more expensive per fluid ounce than one of its non-flavored competitors, Bertoli Extra Virgin Olive Oil.  Because Trader Joe's

2

labeled the Product in this manner, Plaintiffs believed that the Product contained real truffles, which convinced them to forego cheaper alternatives.

## II.     STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. On a Rule 12(b)(6) motion, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016); *accord Kao v. British Airways, PLC*, No. 17 Civ. 0232, 2018 WL 501609, at *1 (S.D.N.Y. Jan. 19, 2018).

## III.    DISCUSSION

For the reasons that follow, all the claims are dismissed. Because the Complaint has not met the threshold plausibility requirements necessary to survive a Rule 12(b)(6) motion, it necessarily does not satisfy the heightened pleading requirements of Rule 9(b). *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 171 (2d Cir. 2015) (stating that "in conjunction with the facial plausibility standard of Rule 12(b)(6) . . . Rule 9(b) places two further burdens on fraud plaintiffs").

### A.     State Consumer Protection Statutory Claims

The Complaint's statutory claims under New York and California law are dismissed because they fail to plead a material misrepresentation. A material misrepresentation is one that is "likely to mislead a reasonable consumer." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (applying New York law); *see also Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (applying the "reasonable consumer" standard to California consumer protection claims and upholding the dismissal). "To prevail on their consumer fraud claims under New York and

3

California law, Plaintiffs must establish that [] allegedly deceptive advertisements were likely to mislead a reasonable consumer acting reasonably under the circumstances." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013); *see also Goshen v. Mut. Life Ins. Co. of New York*, 98 N.Y.2d 314, 323 (2002); *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 503 (1st Div. 2003).

"[A] court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink*, 714 F.3d at 741 (applying New York and California law). A consumer deception case may be dismissed under Rule 12(b)(6) where it is clear that reasonable consumers would not be deceived by a product's packaging. *See, e.g.*, *Fink*, 714 F.3d at 740 ("We conclude that the allegations stated in the Complaint . . . lack facial plausibility sufficient to withstand a motion to dismiss," applying New York and California law); *La Vigne v. Costco Wholesale Corp.*, 284 F. Supp. 3d 496 (S.D.N.Y. 2018) ("The Court finds as a matter of law that the size of the cans and the unit pricing label would not have misled the reasonable consumer," applying New York law). "The primary evidence in a consumer fraud case arising out of allegedly false advertising is, of course, the advertising itself. In determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial." *Fink*, 714 F.3d at 742 (applying New York and California law); *accord Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp. 3d 177, 189 (E.D.N.Y. 2018) (applying New York law).

In this case, the Complaint's statutory claims are dismissed because the language on the Product's packaging is not "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Fink*, 714 F.3d at 741. The label on the Product's front clearly states that the product is "Black Truffle Flavored." The word "Flavored" is in large lettering underneath the words "Black Truffle." All that label would suggest to a "reasonable consumer acting reasonably" is that the product is designed to taste like black truffles, which, according to the

4

Complaint, it does. The Complaint acknowledges that the Product's "synthetic injection imitat[es] truffles' famous taste and smell."

The label does not suggest that the product is derived from natural truffles; the label does not use phrases such as "flavored *with* black truffle," "flavored *by* black truffle," "black truffle *infused*" or even "black truffle olive oil." The Product's label is as clear, if not more clear than, the labels of products in similar cases that have not survived a motion to dismiss. *See, e.g.*, *Mantikas v. Kellogg Co.*, No. 16 Civ. 2552, 2017 WL 2371183, at *4 (E.D.N.Y. May 31, 2017) (dismissing a claim under 12(b)(6) because a reasonable consumer seeing a box of crackers that says "MADE WITH WHOLE GRAIN," would not be deceived into believing that the crackers were made exclusively from whole grains) (applying New York and California law). Another court in this district recently dismissed a nearly identical complaint against a different olive oil manufacturer on these grounds in a two-page memorandum endorsement. *See Jessani v. Monini North America, Inc.*, No. 17 Civ. 3257 (S.D.N.Y. Aug. 3, 2017), ECF No. 18. The Complaint's description of the rarity and cost of truffles also undermines the proposition that a "reasonable consumer acting reasonably" would expect the Product to contain actual black truffles. As acknowledged in the Complaint, "the rarity of truffles has made them . . . the most expensive food in the world," sometimes purchased for as much as $100,000 per pound. No reasonable consumer would expect the $4.99 bottle of olive oil at Trader Joe's to contain actual truffles.[2]

Plaintiffs raise two arguments as to why the Complaint's statutory claims should survive. First, Plaintiff notes that "Trader Joe's sells numerous products labeled 'X-flavored' that actually

---

[2] In a letter dated November 13, 2017, Plaintiffs' counsel acknowledged that "[e]ven prior to obtaining the DNA test results for the Product, Plaintiffs already possessed significant evidence that it did not contain actual black truffles. Not only did the low price of the Product ($4.99 for 8.45 fl. oz.) indicate that it did not contain one of the most expensive food items in the world, but the Product itself states that it is made from "Truffle Aroma," industry specific code for 2,4-dithiapentane." Pls. Letter 2, ECF No. 73.

5

contain the referenced flavor as an ingredient," providing seven examples. Plaintiffs further state that they "are not aware of a single product that Trader Joe's sells as 'X-flavored' where the referenced flavor is not included as an actual ingredient." This argument lacks merit. Obviously, one way for Trader Joe's to ensure that their "X-flavored" products taste like "X" is to include actual "X" in the product; however, reasonable consumers are not so naïve as to believe that including actual "X" in the product is the only way to make the product "X-flavored." The fact that Trader Joe's "Mango Black Tea" contains mango does not mean that a reasonable consumer would assume that "Black Truffle Flavored Olive Oil" necessarily contains black truffles.

Second, Plaintiff argues that reasonable consumers are likely to be deceived because Trader Joe's "is renowned for selling gourmet products at relatively low prices," and consumers are unlikely to know how expensive truffles are or how much truffle is required to make real truffle oil." This argument also lacks merit. A hypothetical reasonable consumer of truffle flavored oil would know something about the expense and rarity of truffles, signaling that the $4.99 price for Trader Joe's truffle flavored oil is too good to be true for actual truffle infused oil. The causes of action under NYGBL § 349, NYGBL § 350, the California Consumers Legal Remedies Act, the California False Advertising Law and the California Unfair Competition Law are dismissed.

### B.   Breach of Warranty Claims

The Complaint asserts state law causes of action for breach of express and implied warranty, as well as a claim under the MMWA. As described below, these claims are dismissed.

#### 1.   Express Warranty

In order to establish a breach of express warranty under New York law, a plaintiff must show (1) a material statement constituting a warranty, (2) the buyer's reliance on this warranty as

a basis for their purchase, (3) breach of the warranty and (4) injury to the buyer caused by the breach. *See CBS Inc. v. Ziff–Davis Publ'g Co.*, 75 N.Y.2d 496, 502–504 (1990); *see also* S*egovia v. Vitamin Shoppe, Inc.*, No. 14 Civ. 7061, 2017 WL 6398747, at *5 (S.D.N.Y. Dec. 12, 2017) (citations omitted) (applying New York law). Similarly, under California law, "[i]n order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 141 (Ct. App. 1986); *accord Hart v. BHH, LLC*, No. 15 Civ. 4804, 2016 WL 2642228, at *5 (S.D.N.Y. May 5, 2016) (applying California law).

Here, the Complaint does not pleaded facts sufficient to show a breach of express warranty. The Complaint identifies only one express warranty: Trader Joe's "expressly warranted that Trader Joe's Truffle Oil was, in fact, flavored by black truffle." However, that is not what the Product label warrants; it states that the olive oil is "Black Truffle Flavored." That is what Plaintiffs received when they purchased the Product -- olive oil that tasted like black truffle. As a result, the fact that the Product did not contain actual black truffle did not constitute a breach of express warranty, and that claim is dismissed.

### 2. Implied Warranty

Under New York law, "implied warranty of merchantability is a guarantee by the seller that its goods are fit for the intended purpose for which they are used and that they will pass in the trade without objection." *Caronia v. Philip Morris USA, Inc.*, 715 F.3d 417, 433 (2d Cir. 2013) (applying New York law); *accord Morrison v. Hoffmann-La Roche, Inc.*, No. 14 Civ. 4476, 2016 WL 5678546, at *10 (E.D.N.Y. Sept. 29, 2016). This standard "requires only that the goods sold be of a minimal level of quality," so that they are "fit for the ordinary purposes for

which such goods are used." *Caronia*, 715 F.3d at 433; *accord Guariglia v. Procter & Gamble Co.*, No. 215 Civ. 4307, 2018 WL 1335356, at *6 (E.D.N.Y. Mar. 14, 2018).

Similarly, under California law, "[t]o maintain a claim for breach of implied warranty, a plaintiff must allege (1) that he intended to use the product for a particular purpose; (2) that the defendant had reason to know of this purpose; (3) that the plaintiff relied on defendant's skill or judgment to provide a product suitable for this purpose; (4) that the defendant had reason to know that buyers relied on its skill or judgment; (5) that the product was unfit for the purpose for which it was purchased; and (6) that it subsequently damaged the plaintiff." *Utts v. Bristol-Myers Squibb Co.*, 226 F. Supp. 3d 166, 187 (S.D.N.Y. 2016) (citing *Keith v. Buchanan*, 173 Cal. App.3d 13 (1985)).

Here, the Complaint fails to state a claim for breach of implied warranty because the Complaint pleads nothing to suggest that the Product was unfit for its intended purpose -- making food taste like black truffle. As discussed above, Plaintiffs received what Trader Joe's advertises, "Black Truffle Flavored Olive Oil" that tastes like truffles. Although the Complaint lists negative physical side effects of ingesting 2,4-dithiapentane, these allegations do not assert that the Product was unfit to be consumed. Accordingly, the claim for breach of implied warranty is also dismissed.

### 3.     The MMWA

The MMWA "is a remedial statute designed to improve the adequacy of information available to consumers, prevent deception, and improve competition in the marketing of consumer products." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 222 (2d Cir. 2017). "Jurisdiction under Magnuson–Moss is concurrent with the state courts . . . ." *Wood v. Maguire Auto., LLC*, 508 F. App'x 65 (2d Cir. 2013) (summary order). In adjudicating claims under the MMWA, "courts should look to state law to determine the applicable measure of damages,

which informs the amount in controversy." *Pyskaty*, 856 F.3d at 223.  Accordingly, the MMWA "creates no additional bases for liability, but allows a consumer to recover damages under existing state law, and attorneys' fees." *Kail v. Wolf Appliance, Inc.*, No. 15 Civ. 3513, 2017 WL 3608242, at *7 (E.D.N.Y. Aug. 21, 2017) (citations omitted).  As a result, "claims under the Act stand or fall with the express and implied warranty claims under state law." *Id*. (citations omitted); *Cali v. Chrysler Group LLC*, 10 Civ. 7606, 2011 WL 383952, at *4 (S.D.N.Y. Jan. 18, 2011), *aff'd*, 426 Fed. App'x 38 (2d Cir. 2011).  Because Plaintiff's claims for express and implied warranty are dismissed, the MMWA claim is also dismissed.

### C.   Additional Tort Claims

The Complaint asserts claims for unjust enrichment, negligent misrepresentation and fraud.  For the following reasons, these claims are also dismissed.

#### 1.   Unjust Enrichment

"The basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004) (citing *Clark v. Daby*, 751 N.Y.S.2d 622, 623 (2002)); *accord Gordon v. Hain Celestial Grp., Inc.*, No. 16 Civ. 6526, 2017 WL 213815, at *5 (S.D.N.Y. Jan. 18, 2017) (citations omitted) (applying New York law).  Although unjust enrichment can be pleaded in the alternative, it "is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012) (citations omitted).  An unjust enrichment claim "is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the

9

plaintiff . . . Typical cases are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled." *Id.* (citations omitted).

Likewise, under California law, where an express contract governs the same subject matter, there can be no cause of action for unjust enrichment. *See Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1389 (2012); *accord Price v. L'Oreal USA, Inc.*, No. 17 Civ. 0614, 2017 WL 4480887, at *5 (S.D.N.Y. Oct. 5, 2017) (citing *Grebow v. Mercury Ins. Co.*, 194 Cal. Rptr. 3d 259, 271 (Cal. 2015)). "[A] party to an express contract can assert a claim for restitution based on unjust enrichment by only alleging in that cause of action that the express contract is void or was rescinded." *Daniel v. Wayans*, 213 Cal. Rptr. 3d 865, 891 (Cal. Ct. App. 2017) (internal quotation marks omitted).

The unjust enrichment claim is dismissed because an adequate remedy exists at law. Plaintiff asserts both statutory and tort claims. All of the claims in the Complaint -- including unjust enrichment -- are premised on the same alleged misrepresentation by Trader Joe's. Accordingly, Plaintiffs' unjust enrichment claim is dismissed as duplicative of their other claims under both New York and California law. *See, e.g.*, *Gordon*, 2017 WL 213815, at *7 (dismissing an unjust enrichment claim because it is duplicative of the plaintiff's other causes of action) (applying New York law); *Price*, 2017 WL 4480887, at *5 (same) (applying New York and California law); *Buonasera v. Honest Co.*, 208 F. Supp. 3d 555, 567–58 (S.D.N.Y. 2016) (same) (applying New York law).

### 2. Negligent Misrepresentation and Fraud

Under both New York and California law, a claim for negligent misrepresentation or fraud must plead facts sufficient to show that a defendant made a "false representation." *See Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 90 (2d Cir. 2018) (fraud under California law); *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 114 (2d Cir. 2012)

10

(negligent misrepresentation under New York law); *Evans v. Ottimo*, 469 F.3d 278, 283 (2d Cir. 2006) (fraud under New York law); *Majd v. Bank of Am., N.A.*, 243 Cal. App. 4th 1293, 1307 (2015) (negligent misrepresentation under California law).

As discussed above, the Complaint does not plead a false representation. The Product's label truthfully states that the product is "black truffle flavored," because its synthetic ingredients taste like black truffle. The claims for fraud and negligent misrepresentation are dismissed under both New York and California law.[3]

### D.     Leave to Amend

Plaintiffs seek leave to amend the Complaint on the basis that they recently obtained new evidence showing that Trader Joe's Black Truffle Flavored Extra Virgin Olive Oil "is made with artificial truffle aroma rather than actual black truffles, and [] Defendants were aware of this fact." That application is denied, because any such amendment would be futile. *See, e.g.*, *Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018) ("[I]t is well established that leave to amend a complaint need not be granted when amendment would be futile."). This Opinion, which dismisses all the claims in the Complaint, assumes that the Product was made with artificial flavoring and that Defendants were aware of that fact.

---

[3] With respect to New York law, the Complaint also fails to plead the existence of a privity-like relationship, which is an element of negligent misrepresentation. *Anschutz Corp.*, 690 F.3d at 114 (2d Cir. 2012). Here, the only relationship between Plaintiffs and Trader Joe's pleaded in the Complaint is that of customer and supermarket. That arms-length relationship is insufficient to support a claim for negligent misrepresentation.

11

## IV. CONCLUSION

For the foregoing reasons, Defendants motion is GRANTED. The Clerk of Court is respectfully directed to close the motions at Dkts. No. 67 and 106, and to close the case.

Dated: August 30, 2018
New York, New York

*[Signature]*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**